UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME S. DAWSON,<br><br>   Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | No. 2:24-cv-02407-DAD-DMC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 13, 15, 16, 20) |

  Plaintiff Jaime S. Dawson, proceeding with counsel, brought this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits and supplemental security income under the Social Security Act. (Doc. No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On August 25, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary judgment in her favor (Doc. No. 13) be denied, that the defendant Commissioner's cross-motion for summary judgment (Doc. Nos. 15, 16) be granted, and that defendant's decision denying plaintiff's application for benefits be affirmed.  (Doc. No. 20 at 22.)  Specifically, the magistrate judge concluded that the

administrative law judge ("ALJ") did not err at Step 2 in finding that plaintiff's impairments of anxiety and panic disorder are non-severe, that the ALJ's discounting of Dr. Washington's medical opinion was supported by substantial evidence, and that the ALJ had supported the finding that plaintiff's subjective testimony conflicted with objective medical evidence with sufficient specificity. (*Id.* at 5–20.) Accordingly, the magistrate judge concluded that the ALJ did not err in finding that plaintiff was not disabled prior to November 24, 2023. (*Id.* at 22.)

Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) Plaintiff timely filed her objections on September 8, 2025. (Doc. No. 21.) The defendant Commissioner filed a response thereto on September 9, 2025. (Doc. No. 22.)

In her objections, plaintiff argued that the ALJ's rationale for finding her mental impairments to be "non-severe" relied on non-objective evidence, that the ALJ improperly rejected aspects of Dr. Washington's medical opinions on the basis of non-objective evidence, that the ALJ improperly discounted plaintiff's subjective testimony by failing to provide specific, clear and convincing reasons, and that the ALJ improperly discounted the lay opinion testimony of plaintiff's fiancé. (Doc. No. 21 at 5–13.) The court will consider each of these arguments in turn.

First, plaintiff contends that the ALJ erred in reaching the conclusion at Step Two of the sequential evaluation analysis that plaintiff's anxiety and panic disorder were non-severe impairments. (Doc. No. 21 at 5–8.) "If the ALJ erroneously determines that an alleged impairment is not 'severe' at Step Two, a reviewing court must assess whether the error was harmless." *Williams v. Colvin*, 24 F. Supp. 3d 901, 917 (N.D. Cal. 2014) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)). A failure to consider a mental impairment as severe at Step Two is harmless when the ALJ discusses that impairment during the ALJ's residual functional capacity assessment at Step 4. *Lee v. Astrue*, 472 F. App'x 553, 555 (9th Cir. 2012)[1]. Here, the ALJ did discuss plaintiff's anxiety and panic disorders in the context of the residual functional

---

[1] Citation to the unpublished Ninth Circuit opinions cited throughout this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2

1  capacity analysis. (Doc. No. 10-3 at 25.) Accordingly, even if the ALJ erred in finding that
2  plaintiff's anxiety and panic disorders were not severe, such error was harmless because the ALJ
3  still discussed those symptoms at Step 4 of the analysis. *See Mina v. Berryhill*, No. 2:17-cv-
4  01381-DB, 2018 WL 4215627, at *4 (E.D. Cal. Sept. 5, 2018) (concluding that any error
5  committed by the ALJ in finding that the plaintiff's depressive disorder was not severe was
6  harmless because it was considered at the Step Four residual functional capacity analysis); *see*
7  *also Williams*, 24 F. Supp. 3d at 917–18 (holding the same in the context of anxiety and panic
8  disorder impairments). The court therefore rejects plaintiff's first argument as unpersuasive.

9  Second, plaintiff argues that the ALJ erred by rejecting Dr. Washington's medical
10 opinions because the reasons for doing so were cursory in nature. (Doc. No. 21 at 8–9.)
11 "Plaintiff's claim for benefits is governed by the agency's 'new' regulations concerning how
12 ALJs must evaluate medical opinions for claims filed on or after March 27, 2017." *Callahan v.*
13 *Kijakazi*, 657 F. Supp. 3d 1368, 1380 (E.D. Cal. 2023) (citing 20 C.F.R. § 404.1520c). The Ninth
14 Circuit has clarified what an ALJ must consider when evaluating a medical opinion:

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations. . . . Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source and "explain how [it] considered the supportability and consistency factors" in reaching those findings.

23 *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (internal citations omitted). The
24 supportability factor pertains to "the extent to which a medical source supports the medical
25 opinion by explaining the relevant objective medical evidence." *Id.* at 791–92 (internal quotation
26 marks and ellipses omitted). The consistency factor pertains to "the extent to which a medical
27 opinion is consistent with the evidence from other medical sources and nonmedical sources in the
28 claim." *Id.* at 792 (internal quotation marks and ellipses omitted). Though the ALJ must consider

3

1  these two factors, they are "not required to incant the magic words of supportability and
2  consistency in [their] findings." *Darling v. Kijakazi*, No. 22-35594, 2023 WL 4103935, at *2
3  (9th Cir. June 21, 2023) (internal quotation marks omitted); *see also Baker v. O'Malley*, No. 1:24-
4  cv-00277-SKO, 2024 WL 4534578, at *9 n.5 (E.D. Cal. Oct. 21, 2024) (finding that an ALJ
5  properly evaluated medical evidence where there was substantial evidence supporting evaluation
6  of supportability and consistency regardless of whether the ALJ used those terms).

7        As to supportability, plaintiff contends that the ALJ erred by finding that her mental status
8  examinations, which indicated only mild impairments in "broad functional areas of mental
9  functioning," were inconsistent with Dr. Washington's medical opinion that she had "moderate
10 impairment in her ability to complete a normal workday or workweek. (Doc. Nos. 10-3 at 21–22;
11 10-8 at 224.) Specifically, plaintiff claims, without citation to legal authority, that mental status
12 examinations do not constitute "objective evidence." (Doc. No. 21 at 9.) This contention is
13 unpersuasive. The Ninth Circuit and numerous district courts have found that mental status
14 examinations constitute objective medical evidence. *See, e.g., Shorter v. Saul*, 777 F. App'x 209,
15 211 (9th Cir. 2019) ("The ALJ properly rejected [a nurse practitioner's] opinions based on
16 inconsistency with objective medical evidence, including [the nurse practitioner's] own progress
17 notes showing largely unremarkable mental status examinations[.]"); *see also Klaas v. Kijakazi*,
18 No. 22-cv-00460-L-BLM, 2023 WL 4055708, at *8 (S.D. Cal. June 16, 2023) ("The ALJ also
19 referenced the objective evidence he previously discussed which includes the mental status
20 examination findings[.]"), *report and recommendation adopted*, 2023 WL 5955185 (S.D. Cal.
21 Sept. 13, 2023); *Samuel F. v. O'Malley*, No. 4:24-cv-05055-TOR, 2024 WL 4886465, at *4 (E.D.
22 Wash. Nov. 25, 2024) (finding that the mental status examinations in the record constituted
23 objective medical evidence which was inconsistent with the plaintiff's subjective testimony);
24 *Andrew H. v. O'Malley*, No. 6:23-cv-00273-SI, 2024 WL 1716993, at *5 (D. Or. Apr. 22, 2024)
25 (finding that mental status examinations constituted objective evidence).

26       As to consistency, plaintiff contends that the ALJ improperly compared Dr. Washington's
27 medical opinion to lay witness testimony in determining that Dr. Washington's opinion was not
28 wholly supported by the record. (Doc. No. 21 at 8.) The ALJ found that Dr. Washington's

1  findings were inconsistent with the lay witness testimony of plaintiff and her fiancé.  (Doc. No.
2  10-3 at 28.)  When evaluating the persuasiveness of a medical opinion, an ALJ should consider
3  how consistent a medical opinion is "with the evidence from other medical sources and
4  nonmedical sources in the claim[.]"  20 C.F.R. § 404.1520c(c)(2).  Accordingly, the ALJ is not
5  barred from considering lay witness testimony regarding the plaintiff's functional capacity when
6  evaluating the persuasiveness of a medical opinion.  *See Pacheco v. Kijakazi*, No. 1:22-cv-00190-
7  JLT-HBK, 2023 WL 4670103, at *4 (E.D. Cal. July 20, 2023) (considering the plaintiff's
8  testimony regarding her daily activities in evaluating the consistency of a medical opinion with
9  other evidence), *report and recommendation adopted*, 2023 WL 5348362 (E.D. Cal. Aug. 21,
10 2023); *see also Tanya C. v. Kijakazi*, No. 22-cv-00653-SBC, 2024 WL 479973, at *7 (S.D. Cal.
11 Feb. 7, 2024) (same); *see also Hudnall v. Dudek*, No. 23-3727, 2025 WL 1379101, at *5 (9th Cir.
12 May 13, 2025) (Bumatay, J., concurring) ("Under the new regulations, nonmedical sources—
13 including lay testimony from friends and family—must be considered in determining the
14 consistency of medical opinions or prior administrative medical findings.") (internal quotation
15 marks omitted).  Therefore, the court rejects plaintiff's contention that the ALJ erred here in
16 considering lay witness testimony when evaluating the persuasiveness of Dr. Washington's
17 medical opinion.
18      Third, plaintiff argues that the ALJ erred in rejecting her subjective testimony regarding
19 her symptoms.  (Doc. No. 21 at 10.)  The Ninth Circuit has identified the standard by which an
20 ALJ must evaluate the credibility of a claimant's subjective testimony as follows:

> An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .  If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific clear and convincing reasons for doing so.  This is not an easy requirement to meet:  The clear and convincing standard is the most demanding required in social security cases.

27 *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *see also Ferguson v. O'Malley*, 95 F.4th
28 1194, 1200 (9th Cir. 2024) (same).  At the second step, the ALJ is required to "specifically

5

1  identify the testimony from a claimant she or he finds not to be credible and explain what
2  evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020)
3  (internal quotation marks, ellipses, and brackets omitted).

4        Plaintiff contends that the ALJ failed to identify particular testimony which was
5  undermined by other evidence of record. (Doc. No. 21 at 10–11.) Plaintiff is simply incorrect in
6  this regard. The ALJ identified, among other things, that: (1) plaintiff's testimony regarding her
7  pain when medicated was inconsistent with prior reports she had made to doctors; (2) the pain
8  plaintiff described in "her right hip and groin" was inconsistent with the imaging taken of her
9  right hip; (3) the reported weakness in her "right lower extremity" was inconsistent with medical
10 strength testing that revealed "full strength in the bilateral lower extremities[;]" and (4) plaintiff's
11 testimony regarding her pain and weakness in her legs was undercut by evidence showing that
12 plaintiff has a normal gait. (Doc. No. 10-3 at 27.) In short, the ALJ identified specific portions of
13 plaintiff's testimony that were inconsistent with either other portions of her own testimony or
14 inconsistent with objective medical evidence of record. These findings are sufficient to satisfy
15 the "clear and convincing" standard for discounting a plaintiff's subjective testimony regarding
16 pain. *See Smartt v. Kijakazi*, 53 F.4th 489, 497–98 (9th Cir. 2022) (finding that the ALJ
17 identified specific, clear, and convincing reasons to reject the claimant's subjective testimony
18 based on inconsistencies between that testimony and the objective medical record); *see also*
19 *Garcia v. Comm'r of Soc. Sec.*, 732 F. Supp. 3d 1199, 1219 (E.D. Cal. 2024) (finding that the
20 ALJ identified specific, clear, and convincing reasons for discounting the plaintiff's subjective
21 testimony where that testimony was inconsistent with prior reports made by the plaintiff to his
22 doctor).

23       Finally, plaintiff argues that the ALJ erred in considering lay witness testimony from
24 plaintiff's fiancé insofar as the ALJ failed to provide germane reasons for rejecting the fiancé's /
25 /////
26 /////
27 /////
28 /////

6

1 testimony.[2] (Doc. No. 21 at 12–13.) The court begins by reiterating the assigned magistrate
2 judge's observation and what the undersigned has noted above in evaluating the consistency of
3 Dr. Washington's opinion with the record: that "it is clear from the ALJ's decision that evidence
4 provided by Plaintiff's fiancé was in fact considered." (Doc. No. 20 at 9.) Indeed, when the ALJ
5 discussed the mental impairments of plaintiff and found that those impairments were minor, the
6 ALJ appears to have credited her fiancé's testimony. (Doc. No. 10-3 at 22.) Even if the court
7 assumed, as plaintiff argues, that the ALJ failed to credit the fiancé's testimony regarding
8 plaintiff's physical impairments, the court has already found that the ALJ provided clear and
9 convincing reasons for rejecting plaintiff's substantially similar testimony regarding those same
10 impairments. *See Kurtenbach*, 2024 WL 356869, at *4 ("Where the ALJ gives clear and
11 convincing reasons to reject a claimant's testimony, and where a lay witness' testimony is similar
12 to the claimant's subjective complaints, the reason given to reject the claimant's testimony are
13 also germane reasons to reject the lay witness testimony.") (internal quotation marks omitted); *see
14 also Nicole N.-M v. Comm'r, Soc. Sec. Admin.*, 649 F. Supp. 3d 1025, 1040 (D. Or. 2022)
15 ("Additionally, where lay witness testimony does not describe any limitations not already
16 described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's
17 testimony apply equally well to the lay witness testimony, any error by the ALJ in failing to
18 discuss the lay testimony is harmless.") (internal quotation marks omitted) (quoting *Molina v.
19 Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§
20 404.1529(c)(1), 416.929(c)(1)). Accordingly, the court rejects plaintiff's final argument.

21 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a
22 *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

---

[2] Plaintiff argues that the magistrate judge improperly found that an ALJ may reject a lay witness's testimony without providing a "germane reason" for doing so. (Doc. No. 21 at 11–12.) However, the magistrate judge never made such a finding in the findings and recommendations. Moreover, the court need not decide whether the germane reasons standard applies because the court concludes that, even if it does, any error would be harmless. *See Kurtenbach v. Comm'r of Soc. Sec. Admin.*, No. 22-cv-01348-PHX-DLR, 2024 WL 356869, at *4 (D. Ariz. Jan. 31, 2024) ("The Court need not reach the issue of whether an ALJ is required, under the new SSA regulations, to articulate her consideration of lay witness statements and provide a germane reason for discounting those statements because any error committed is harmless.").

objections and the Commissioner's reply thereto, the court adopts the pending findings and recommendations.

For the reasons above,

1. The court ADOPTS the findings and recommendations issued on August 25, 2025 (Doc. No. 20);
2. Plaintiff's motion for summary judgment (Doc. No. 13) is DENIED;
3. Defendant's cross-motion for summary judgment (Doc. Nos. 15, 16) is GRANTED;
4. The defendant Commissioner's decision denying plaintiff's application for benefits is AFFIRMED; and
5. The Clerk of the Court is directed to enter judgment in favor of defendant and close this case.

IT IS SO ORDERED.

Dated:  **September 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE